PAMELA HARRIS, Circuit Judge,
concurring:
I concur in the court’s opinion, and write separately only to note my dismay that we find ourselves unable to correct the judgment under which Byrd will serve a life sentence. All agree that the judgment, entered before the Supreme Court’s decision in Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), is now manifestly contrary to law, improperly designating Byrd as a career offender under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e), and imposing a corresponding 15-year minimum sentence. But because Byrd did not enter a Johnson objection at his gre-John-son sentencing, we are constrained by the plain error standard of review and our precedent to leave that error in place.
To put a person in prison for life is a grave and serious undertaking. See Graham v. Florida, 560 U.S. 48, 74, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (describing life imprisonment as an “irrevocable judgment about [the defendant’s] value and place in society”). It should not be too much to ask of the criminal justice system that we do it correctly. It would be a simple enough matter for the district court to amend Byrd’s judgment so that it conforms to law, and the government has offered no compelling justification for opposing Byrd’s efforts to correct his sentence. I regret that we have been left with no choice but to affirm this manifestly erroneous judgment.